[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION FOR ARTICULATION AND RECONSIDERATION OF COURT'S RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The motion for reconsideration is granted pending further legal memoranda as provided for below. The motion for articulation is denied. The court's prior action on the defendant's motion for summary judgment is vacated. In order that the court may properly act on the defendant's motion for summary judgment, the parties are directed to address in legal memorandum what effect, if any, the specific language of the defendant's "offer of judgment" in the prior action between these same parties has on the arguments made by both parties with regard to the defendant's motion for summary judgment. The specific language of that "offer of judgment" reads as follows:
OFFER OF JUDGMENT
 The defendant, NEW HAVEN HOUSING AUTHORITY, hereby makes this offer to allow the plaintiff, JONATHAN BANQUER, to take judgment in his favor in the sum of $1,285.00.
 The said sum was already awarded to the plaintiff on the instant cause of action via an administrative hearing on December 3, 1991. Furthermore, the maximum liability of the defendant — as is clearly admitted in paragraph 4 of his small claims complaint — is $1,307.00. Thus, the defendant's offer of $1,285.00 is a mere $22.00 less than the maximum relief that the plaintiff can obtain through this action. It is also important to emphasize that the total damages claimed by the plaintiff is $1,500.00, and thus the defendant's offer of $1,285.00 is $215.00 less than the total amount of claimed damages. CT Page 9095 (emphasis added).
The legal memorandums are to be filed with the court on or before November 1, 1993, and each party may reply to each other's memorandum on or before November 5, 1993. The clerk is then directed to set the matter down for a full hearing on the defendant's motion for summary judgment.
The plaintiff's motion for summary judgment and the defendant's counter-motion for summary judgment are temporarily marked "off" by the court.
Clarine Nardi Riddle, Judge